✓ FILED ____ LODGED
____ RECEIVED ____ COPY
JAN 19 2021
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ________ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **CHARLES A. GULDEN,** <br> **Plaintiff** <br> vs. <br> **LIBERTY HOME GUARD LLC,** <br> **Defendant** | ) | **Case No.** CV20-02465-PHX-JZB <br><br> **DEFENDANT'S MOTION TO DISMISS COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Liberty Home Guard LLC respectfully submits this Motion to dismiss Plaintiff Charles A. Gulden's Complaint.

## I. Preliminary Statement

Plaintiff Charles A. Gulden's Complaint has the appearance of a compliant written by an attorney-at-law practicing in federal courts, and this is not by coincidence. Plaintiff is a serial litigator who has filed approximately ninety-one (91) complaints with his local court, that is, the Yuma County Superior Court, in the last ten (10) years. Plaintiff has presumably perfected his ability to file complaints through trial-and-error by amending his complaints subsequent to each motion to dismiss that has been filed against him.

Plaintiff appears to be creating an unlicensed profession out of the third branch of government, at the expense of the judicial system's valuable resources. Plaintiff did not file the Complaint in good faith; rather, he is seeking to extort tens of thousands of dollars from a small business that is struggling to survive amidst a global pandemic.

Plaintiff's Complaint is riddled with everything from mischaracterizations of fact to outright falsehoods and should be afforded little to no credibility by the Court. Plaintiff's abuse

of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, is antithetical to the statute's intent and to what is judicially fair and equitable. Plaintiff is a TCPA troll, and if he were a licensed attorney, would certainly have been stripped of his license to practice law by this point in time, given the frivolity of the instant Complaint and his history as a judicial abuser.

Under the penalty of perjury, as Chief Legal Officer of Liberty Home Guard LLC, I hereby swear that Liberty Home Guard LLC does not utilize any sort of "automatic telephone dialing systems" as defined by 47 U.S.C. § 227(a)(1). Liberty Home Guard LLC does not even make "cold calls." Rather, Liberty Home Guard LLC only calls individuals who solicit its business.

Liberty Home Guard LLC obtains the telephone information of those interested in its services through inquirers, like Plaintiff, who affirmatively submit their telephone information through online forms and agree to the terms and conditions therein. After almost four (4) years of continuous business, this is the first TCPA complaint that Liberty Home Guard LLC has received in its history, lending further support to the frivolousness of the instant Complaint.

If a prospective customer does not want to be contacted after providing his/her telephone and/or email information via an online form, all he/she has to do is: ask to not be contacted by telephone to stop receiving calls; reply "STOP" to a text message to stop receiving text messages, and/or; click "Unsubscribe" at the bottom of an email to stop receiving email messages. Instead of acting in accordance with one or more of the aforementioned avenues, Plaintiff sought to rack up as many calls and texts from us as possible in order to inflate his relief requested and avoid compulsory arbitration necessitated by Rules 72 through 77 of the Rules of Civil Procedure for the Superior Courts of Arizona.

Given Plaintiff's tactics, it would be unwise for Liberty Home Guard LLC to contact Plaintiff to notify him of the issues asserted in this Motion in order to cure the pleading in any part by permissible amendment. *See* LRCiv 12.1.

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Particularly, a pleading must allege well-pleaded factual matter and more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A pleading needs to allege "enough factual matter to . . . raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 556-57. A pleading is insufficient if it provides "naked assertion[s]" lacking "further factual enhancement." *Id.* at 557.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where a pleading provides facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557 (brackets omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)).

## III. Legal Analysis

With regard to Plaintiff's allegations under the header "TCPA VIOLATIONS I-VI," they are fatally flawed and destined to fail. Even the header itself, which alleges six (6) violations of the TCPA, is inconsistent with paragraph 15 of the Complaint, wherein Plaintiff alleges that five (5) calls were made to him, not six (6). Furthermore, Plaintiff makes a conclusory statement in alleging, in paragraph 7 (incorporated by reference under the aforementioned header), that "Plaintiff had not provided Defendant with his prior express consent to initiate phone calls or to transmit its robotexts [sic] to his cell phone." A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 555. Plaintiff does not describe how he did not provide Liberty Home Guard LLC with his consent, or in the alternative, how he expressed his lack of consent, thus failing to state a claim upon which relief may be granted. Furthermore, Plaintiff does not provide sufficient detail around the alleged telephone calls, instead providing Emersonian language such as "tell-tale pause[s]" in paragraph 5 (incorporated by reference under the aforementioned header), language that is in no way indicative of using an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1).

With regard to Plaintiff's allegations under the header "TCPA VIOLATIONS VI-XXII," they are also fatally flawed and destined to fail. In paragraph 18 of the Complaint, Plaintiff alleges that text messages were sent to his cell phone in violation of 47 U.S.C. § 227(b)(1)(A)(iii). However, that particular section of the statute only pertains to "calls" and not text messages. Since the word "call" is neither defined in the statute nor in any implementing rules or regulations, reasonable people would be led to believe that the word "call" means a

telephone call, not a text message. Thus, Plaintiff has failed to state a claim upon which relief can be granted.

Under the header "TCPA VIOLATIONS VI-XXII," Plaintiff also alleges that pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant is liable for treble damages. First, Plaintiff fails to address the threshold issue, pursuant to 47 U.S.C. § 227(b)(3)(B), as to whether his actual monetary loss from each alleged violation is less than or greater than $500.00. Second, Plaintiff simply offers a conclusory statement that Liberty Home Guard LLC willfully or knowingly violated the TCPA, without enough factual matter to make the claim plausible.

With regard to Plaintiff's allegations under the header "TCPA VIOLATIONS XXIII-XLIV," they are fatally flawed and destined to fail as well. First, Plaintiff alleges violations of 47 C.F.R. § 1200(c)(2), which is a nonexistent or irrelevant Federal Regulation. If Plaintiff happened to be making allegations under 47 C.F.R. § 64.1200(c)(2), his allegations are still fatally flawed and destined to fail, as the section speaks to "telephone solicitation[s]," not text messages. Pursuant to 47 C.F.R. § 64.1200(f)(14), "[t]he term ***telephone solicitation*** means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person [. . . .]" Since the word "message" is neither defined in the statute nor in any implementing rules or regulations, reasonable people would be led to believe that the word "message" means a voicemail message, not a text message, based on the plain meaning of 47 C.F.R. § 64.1200(f)(14). Thus, Plaintiff has failed to state a claim upon which relief can be granted.

Under the header "TCPA VIOLATIONS XXIII-XLIV," Plaintiff also alleges that pursuant to 47 U.S.C. § 227(c)(5)(C), Defendant is liable for treble damages. As previously stated with regard to Defendant's allegations under 47 U.S.C. § 227(b)(3)(B), Plaintiff fails to

address the threshold issue, pursuant to 47 U.S.C. § 227(c)(5)(B), as to whether his actual monetary loss from each alleged violation is less than or greater than $500.00. Second, Plaintiff simply offers a conclusory statement that Liberty Home Guard LLC willfully or knowingly violated the TCPA, without enough factual matter to make the claim plausible.

## IV. Conclusion

For the foregoing reasons, Defendant Liberty Home Guard LLC respectfully requests that the Court grant its Motion under Federal Rule of Civil Procedure 12(b)(6), and dismiss Plaintiff's claims, with prejudice.

Dated: December 30, 2020

Charles Frank, Esq.
Chief Legal Officer
Liberty Home Guard LLC
4101a Avenue U
Brooklyn, NY 11234
charles@libertyhomeguard.com

**CERTIFICATE OF SERVICE**

This is the certify that the foregoing NOTICE OF REMOVAL, with exhibits, was sent via United States mail on the 7th day of January, 2021, postage prepaid thereon to:

Charles A. Gulden
11802 E. 28th Place
Yuma, AZ 85367