Charles A. Gulden
11802 E. 28th Place
Yuma, AZ 85367
Phone: 928-782-5182
Email: chasinyuma@hotmail.com

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| CHARLES A. GULDEN, | Case No: CV-20-02465-PHX-JZB |
| Plaintiff, | |
| vs. | PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS |
| LIBERTY HOME GUARD LLC, | |
| Defendant. | |

Plaintiff respectfully submits this Response to Defendant's Motion to Dismiss (Doc. 11) filed pursuant to Federal Rule of Civil Procedure (FRCP) 12(b)(6).

## I. Background

Plaintiff filed this action against Liberty Home Guard LLC ("Defendant") for alleged violations of the Telephone Consumer Protection Act. The case was originally filed in the Yuma County Superior Court, State of Arizona, on November 13, 2020. Defendant removed the case to this Court on December 23, 2020 (Doc 1).

Defendant filed its Motion to Dismiss pursuant to FRCP Rule 12(b)(6) on January 19, 2021, arguing that Plaintiff's Complaint fails to provide sufficient facts to support its allegations or that the calls and texts at issue are not prohibited acts.

## II. Legal Standards

A. Federal Rule of Civil Procedure 12(b)(6)

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 1

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, "the Court must take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the non-moving party." *Great Minds v. Office Depot, Inc.*, No. 18-55331, 2019 WL 7206433, at *3 (9th Cir. Dec. 27, 2019). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 2

B. The Telephone Consumer Protection Act (the "TCPA)

Congress enacted the TCPA "in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (citing S.Rep. No. 102-178 at 2 (1991), *reprinted in* 1991 U.S.C.C.A.N. 1968). The TCPA makes it unlawful for any person "to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice. . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service" without "the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). Thus, to state a TCPA claim, a plaintiff must sufficiently allege that "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)). A text message is a "call" within the meaning of the TCPA. *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 874 (9th Cir. 2014) (citing *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009)).

III. Discussion

Plaintiff's Complaint alleges that in October and November 2020, "Defendant, Defendant's agents, employees or parties acting on behalf of the Defendant" utilized an automatic telephone dialing system to initiate twenty-two (22) separate calls and robotext messages to Plaintiff's cell phone in violation of the

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 3

TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), (Doc. 1 at 3, ¶ 15 and 4, ¶ 18), and that Defendant committed twenty-two (22) separate Do-Not-Call violations pursuant to 47 U.S.C. § 64.1200(c)(2) and 47 U.S.C. § 64.1200(e), (Doc 1 at 5, ¶22). Plaintiff's Complaint further alleges that Defendant's acts were initiated without the Plaintiff's prior express written consent, (Doc. 1 at 2, ¶ 4), and that the violations alleged were willfully committed, (Doc 1 at 3, ¶ 13, at 4, ¶'s 16 and 19).

Defendant asserts in its Motion to Dismiss that the Complaint does not contain sufficient detail in respect to the alleged telephone calls, that text messages are not subject to the TCPA, and that the Complaint does not contain sufficient detail in respect to its claim that Defendant's acts were willful.

Although the TCPA is "silent as to vicarious liability," a "defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez*, 768 F.3d at 877, 879; *see also Kline v. Elite Med. Labs., Inc.*, No. 1:19- CV-1043, 2019 WL 6828590, at *5 (M.D. Pa. Dec. 13, 2019) ("[A] seller or creditor cannot shield itself from liability simply by outsourcing telemarketing or collection calls to a third party.").

Contrary to the Defendant's assertions otherwise, Plaintiff's Complaint includes sufficient detail and factual allegations to identify its claims and describe the acts complained of. Plaintiff sufficiently alleged that (1) the Defendant called his cellular telephone number; (2) using an automatic telephone dialing system; (3) without his prior express consent. Additionally, Plaintiff's Complaint provided the

phone numbers from and dates on which he alleges that Defendant or its agents initiated calls and text messages to his cell phone, (Doc 1 at 3, ¶ 15 and at 4, ¶ 18). In addition to alleging that Defendant utilized an automatic telephone dialing system (ATDS), (Doc. 1 at 2, ¶ 4, at 4, ¶ 15 and at 5, ¶ 23), Plaintiff's Complaint provided details indicative of Defendant's use of an ATDS, (Doc. 1. At 2, ¶ 5). Plaintiff further alleged that the calls and text messages complained of were to encourage Plaintiff to purchase Defendant's home warranty coverage, (*Id.* at 2, ¶ 3), that the calls were unsolicited advertisements, (*Id.* at 3, ¶ 12), and that the calls and texts were an unwelcome annoyance, distraction, disturbance and invasion of Plaintiff's privacy.

A "claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001) (internal quotation marks and citation omitted). It is clear by its language that the Complaint in this instance alleges facts sufficient "to raise a right to relief above the speculative level" that Defendant initiated calls and text messages to Plaintiff's cell phone by utilizing an automatic telephone dialing system. *Twombly,* 550 U.S. at 555; *see also Robinson v. Midland Funding, LLC*, No. 10CV2261 MMA AJB, 2011 WL 1434919, at *3 (S.D. Cal. Apr. 13, 2011) (finding a plaintiff's allegation that the defendant made calls to his "cellular telephone via an 'automatic telephone dialing system' . . . using 'an artificial or prerecorded voice'" was sufficient to state a TCPA violation under § 227(b)(1)(A)(iii)).

As to Defendant's assertion that the TCPA pertains to "calls" only and not to text messages, as previously noted, a text message is a "call" within the meaning of the TCPA. *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 874 (9th Cir. 2014) (citing *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009)). Defendant's assertion to the contrary is not supported.

Lastly, Defendant's assertion that the Complaint does not contain sufficient detail in respect to the claim that Defendant's acts were willful is contradicted on its face by the details provided in the Complaint as to why Defendant's alleged violations were willful, (Doc.1 at 3, ¶ 13). On that basis Plaintiff's claim is facially plausible to entitle the him to the requested relief.

## IV. Conclusion

For the reasons stated above, the Complaint in this case, based on the details provided within it, raises the right to relief beyond the speculative level. Contrary to Defendant's assertions otherwise, Plaintiff has provided more than labels and conclusions or a formulaic recitation of the elements of a cause of action. The claims presented are facially plausible to entitle Plaintiff to the requested relief and Defendant's Motion to Dismiss should be denied accordingly.

Notwithstanding the legal sufficiency of Plaintiff's Complaint, Local Rule of Civil Procedure 12.1(c) provides that a motion to dismiss for failure to state a claim or counterclaim made pursuant to Federal Rule of Civil Procedure 12(b)(6) will not be considered or decided unless the moving party includes a certification that, before filing the motion, the movant notified the opposing party of the issues

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 6

asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. It is conspicuously evident that Defendant has not included this required certification. Not only did Defendant fail to notify the Plaintiff of the issues to be asserted in its motion before filing it and fail to certify accordingly, Defendant even acknowledged and explained within its Motion to Dismiss why it purposefully ignored this requirement. The motion should be denied accordingly.

WHEREFORE, Plaintiff respectfully requests that the Court DENY Defendant's Motion to Dismiss.

Dated this 23rd day of January, 2021.

*Charles A. Gulden*

Charles A. Gulden

### Certificate of Service

A copy of the foregoing Response will be mailed this 23rd day of January, 2021 to:

Charles Frank, Esq.
Chief Legal Officer
Liberty Home Guard LLC
4101a Avenue U
Brooklyn, NY 11234

*Charles A. Gulden*
Charles A. Gulden

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 7