**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles A. Gulden, | No. CV-20-02465-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Liberty Home Guard LLC, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 11.) For the reasons discussed below, the Court will deny the Motion to Dismiss.

## I.    Background.

On November 13, 2020, Plaintiff filed his Complaint in the Superior Court of Arizona in Yuma County. (Doc. 1-1, Ex. A, at 3.) On December 23, 2020, Defendant removed the case to this Court. (Doc. 1-2.) In his Complaint, Plaintiff asserts claims under the Telephone Consumer Protection Act (TPCA), 47 U.S.C. § 227.

The following facts are taken from Plaintiff's Complaint and are assumed true for the purposes of this Order. Plaintiff alleges Defendant Liberty Home Guard LLC initiated "twenty-two (22) separate telephone calls and robotext messages to Plaintiff's personal cell phone," using an "automatic telephone dialing system" (ATDS) in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and (b)(3)(C). (Doc. 1-1, Ex. A, ¶¶ 3, 4, 15, 16, 18, 19.) Plaintiff

describes Defendant's calls as "preceded by the tell-tale pause and click noises before its agent began to speak," and its text messages as "frequent but random impersonal, pre-scripted messages targeted to Plaintiff's cell phone number, indicative of Defendant's use of an ATDS." (*Id.*, ¶ 5.) Plaintiff alleges that statements made by Defendant's telephone agents "confirmed that [Defendant] was calling to market its home warranty coverage." (*Id.*, ¶ 6.) Plaintiff contends he had not consented to the communications "had not provided Defendant with his prior express consent to initiate" the communications and did not have an established business relationship with Defendant. (*Id.*, ¶¶ 7–8.) Plaintiff further alleges that his "cell telephone number was registered on the national Do Not Call Registry" for more than 31 days prior to Defendant's calls and text messages. (*Id.*, ¶ 10.) Plaintiff seeks monetary damages under § 227(b)(1)(A)(iii) and (b)(3)(C) for each alleged communication from Defendant. (*Id.*, ¶¶ 15, 16, 18, 19, 24.)

On January 19, 2021, Defendant filed a Motion to Dismiss for failure to state a claim. (Doc. 11.) On January 25, 2021, Plaintiff filed his Response to the Motion to Dismiss. (Doc. 12.) Defendant did not file a Reply.

## II.   Legal Standard.

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

- 2 -

1    A pro se plaintiff's pleadings are construed liberally. *See Blaisdell v. Frappiea*, 729

2   F.3d 1237, 1241 (9th Cir. 2013) ("[c]ourts in this circuit have an obligation to give a liberal

3   construction to the filings of pro se litigants"); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th

4   Cir. 2000) ("in general, courts must construe pro se pleadings liberally").

5   **III.    Analysis.**

6    Defendant presents four merits based arguments in support of its Motion to Dismiss:

7   (1) Plaintiff has failed to provide Defendant with adequate notice of his claims; (2)

8   Plaintiff's claims fail under the law; (3) Plaintiff has failed to provide sufficient facts; and

9   (4) Plaintiff's Complaint contains inconsistencies. (*See* Doc. 11.) In response, Plaintiff

10  raises a procedural objection to Defendant's Motion. (*See* Doc. 12 at 6–7.) The Court will

11  address each argument below.

12   **A.    Local Rule 12.1(c).**

13    As an initial matter, the Court notes that Defendant has failed to comply with Local

14  Rule of Civil Procedure 12.1(c). That rule provides:

15        No motion to dismiss for failure to state a claim or counterclaim, pursuant to
16        Federal Rule of Civil Procedure 12(b)(6), or motion for judgment on the
         pleadings on a claim or counterclaim, pursuant to Federal Rule of Civil
17        Procedure 12(c), will be considered or decided unless the moving party
         includes a certification that, before filing the motion, the movant notified the
18        opposing party of the issues asserted in the motion and the parties were
         unable to agree that the pleading was curable in any part by a permissible
19        amendment offered by the pleading party. The movant may comply with this
         rule through personal, telephonic, or written notice of the issues that it
20        intends to assert in a motion. A motion that does not contain the required
         certification may be stricken summarily.

21  LRCiv 12.1(c). In his Response, Plaintiff argues Defendant violated Local Rule 12.1(c)

22  when it "fail[ed] to notify Plaintiff of the issues to be asserted in its motion before filing it

23  and fail[ed] to certify accordingly." (Doc. 12 at 7.) This Court has held that striking a

24  motion for failure to fulfill Local Rule 12.1(c)'s "meet and confer" requirement is

25  unnecessary "when the movant promptly takes active steps to cure any harm caused by the

26  failure." *Wine Educ. Council v. Arizona Rangers*, 2020 WL 7352632, at *8 (D. Ariz. Dec.

27  15, 2020). *See id.* (holding that "striking the motion was unmerited" when defendant

28  "admitted their oversight" and immediately offered "to withdraw the motion if [plaintiff]

- 3 -

believed any deficiencies could be cured by amendment"); *Pike v. Arizona*, 2018 WL 3862039, at \*1 n.1 (D. Ariz. Aug. 14, 2018) (considering the motion on the merits despite defendants' failure to comply with Local Rule 12.1(c) because defendants had "since conferred with [p]laintiff's counsel and offered to stipulate an amended complaint that cured the issues raised in the motion").

Here, it is undisputed that Defendant chose not to meet and confer with Plaintiff prior to filing its Motion. Rather, Defendant contends that "[g]iven Plaintiff's tactics,[1] it would be unwise for Liberty Home Guard LLC to contact Plaintiff to notify him of the issues asserted in this Motion in order to cure the pleading in any part by permissible amendment." (Doc. 11 at 3.) Defendant's argument is not persuasive and does not excuse compliance with Local Rule 12.1(c). Specifically, Defendant fails to show any attempt to cure the harm caused by its failure to meet and confer prior to filing. Such failure is fatal to Defendant's Motion. *See Danam v. Arizona Bd. of Educ.*, 2019 WL 176767, at \*3 (D. Ariz. Jan. 11, 2019) (denying defendant's motion to dismiss because it "does not contain the [meet and confer] certification required by Local Rule 12.1(c)").

Accordingly, the Court finds Defendant's Motion may be summarily denied under Local Rule 12.1(c).

## B.    Merits.

Even if the Court were to excuse Defendant's failure to comply with Local Rule 12.1(c), Defendant's Motion to Dismiss would still be denied. In its Motion, Defendant argues Plaintiff's claims must be dismissed because: (1) Plaintiff cites a regulation that does not exist; (2) 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200 do not apply to text messages; (3) Plaintiff fails to plead sufficient facts; and (4) Plaintiff's Complaint contains inconsistencies. (*See* Doc. 11.) Each argument fails.

### 1.    Plaintiff's claims satisfy the notice pleading standard.

Defendant first argues Plaintiff's claims must be dismissed because Plaintiff failed

---

[1]"Plaintiff's tactics" is presumably referencing Defendant's allegations in the preceding paragraphs of the Motion, in which it describes Plaintiff as a "serial litigator" and "TCPA troll." (Doc. 11 at 1–2.)

to meet the notice pleading standard. Defendant correctly points out that a regulation Plaintiff cited in his Complaint, "47 C.F.R. § 1200(c)(2)," does not exist. (Doc. 11 at 5.) Defendant then proceeds to address Plaintiff's claims as though alleged under 47 C.F.R. § 64.1200(c)(2). (*Id.*) "Notice pleading requires the plaintiff to set forth in his complaint claims for relief, not causes of action, statutes or legal theories." *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008). Thus, a complaint "need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss." *Id. See also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) ("Pleadings need suffice only to put the opposing party on notice of the claim.").

The Court finds that Defendant was provided with adequate notice of Plaintiff's claims related to 47 C.F.R. § 64.1200. Plaintiff alleged Defendant's calls and text messages were "initiated to Plaintiff's cell phone number while it was registered on the national Do Not Call Registry" and thus violated the TCPA "pursuant to 47 U.S.C. § 227(c), 47 C.F.R. § 1200(c)(2)[,] and 47 C.F.R. § 1200(e)." (Doc. 1, Ex. A, ¶¶ 21–22.) Section 64.1200 is colloquially referred to as the "Do Not Call Regulation." *See Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 913 (9th Cir. 2012) (referring to § 64.1200 as "the federal 'do not call (DNC)' regulation"); *Dickey v. Vital One Health Plans Direct, LLC*, 2019 WL 2545500, at *2 (E.D. Cal. June 20, 2019); *Meilleur v. AT & T Corp.*, No. 2012 WL 367058, at *1 (W.D. Wash. Feb. 3, 2012). What is more, in its Motion, Defendant makes arguments based on that same regulation. Specifically, Defendant argues Plaintiff's claims are "destined to fail" based on the definition of "telephone solicitation" in § 64.1200(f)(14). (Doc. 11 at 5.)

In view of Defendant's arguments and the Court's obligation to liberally construe Plaintiff's Complaint, it is clear to the Court that Defendant was provided with adequate notice of Plaintiff's claims sufficient to survive the Motion to Dismiss.[2] Accordingly, the Court declines to dismiss Plaintiff's Complaint based on Plaintiff's citation error. *See also*

---

[2] Additionally, as discussed above, Defendant admits that, prior to filing its Motion, it did not contact Plaintiff or provide Plaintiff an opportunity to cure any alleged deficiencies, as required by Local Rule 12.1(c). (*See* Doc. 11 at 3.) *See BBK Tobacco & Foods LLP v. Skunk Inc.*, 2019 WL 6065898, at *1 n.1 (D. Ariz. Nov. 15, 2019) (noting an "issue [that] could have been resolved without Court involvement" exemplifies "just how critical compliance with Local Rule 12.1 is").

*Coos Cty. Bd. of Cty. Comm'rs v. Kempthorne*, 531 F.3d 792, 812 n.16 (9th Cir. 2008) (finding that although "violation of [a] specific provision was not alleged in the complaint," notice pleading only "requires the plaintiff set forth . . . claims for relief, not causes of action, statutes[,] or legal theories") (citing *Alvarez*, 518 F.3d at 1157); *Mastronardi Int'l Ltd. v. SunSelect Produce (California), Inc.*, 2019 WL 3996608, at \*7 (E.D. Cal. Aug. 23, 2019) (holding plaintiff had not "failed to state a claim simply because it cited an incorrect statute").

## 2.     The TCPA applies to text messages.

Defendant next argues that Plaintiff's allegations regarding text messages fail to state a claim upon which relief may be granted. Specifically, Defendant argues 47 U.S.C. § 227(b)(1)(A)(iii) only applies to "calls." (Doc. 11 at 4.) Under § 227(b)(1)(A)(iii),

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .

For purposes of the TCPA, the term "call" includes text messages. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016), *as revised* (Feb. 9, 2016). *See id.* (noting a "text message to a cellular telephone, it is undisputed, qualifies as a "call" within the compass of § 227(b)(1)(A)(iii)"); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 949 (9th Cir. 2009) (holding "it is reasonable to interpret 'call' under the TCPA to include both voice calls and text messages"); *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1048 n.3 (9th Cir. 2018) ("[T]he TCPA applies to text messages because it is 'a form of communication used primarily between telephones.'").

Here, Defendant fails to cite any law in support of its position that a text message is not a "call" for purposes of the TCPA. Instead, Defendant merely argues "reasonable people would be led to believe that the word call means a telephone call, not a text message." (Doc. 11 at 4–5.) Defendant's argument is not persuasive.

1
2
3
4
5
6

The Ninth Circuit has consistently interpreted the term "call" as including text messages for purposes of the TCPA. *See Satterfield*, 569 F.3d at 949. Accordingly, the Court will deny Defendant's Motion to Dismiss Plaintiff's claims based on the scope of § 227(b)(1)(A)(iii). *See also Declements v. Americana Holdings LLC*, 2020 WL 3499806, at *1 (D. Ariz. June 29, 2020) ("[T]he Ninth Circuit has concluded that text messages are a form of 'call.'") (quoting *Satterfield*, 569 F.3d at 954).

7
8
9
10
11
12
13
14

Defendant also argues Plaintiff's claims related to 47 C.F.R. § 64.1200(c)(2) fail because "the section speaks to 'telephone solicitation[s],' not text messages." (Doc. 11 at 5.) The TCPA authorizes the Federal Communications Commission (FCC) to operate a Do Not Call registry. *See* 47 U.S.C. § 227(c)(3). The regulation governing the Registry, 47 C.F.R. § 64.1200(c)(2), applies only to "telephone solicitations." Section 64.1200(f)(14) defines "telephone solicitation" as the "initiation of a *telephone call or message* for the purpose of encouraging the purchase or rental of, or investment in, property goods or services" (emphasis added).[3]

15
16
17
18
19
20
21
22
23
24
25
26

Here, Defendant fails to cite any law in support of its position that a text message is not a "telephone solicitation." Instead, Defendant contends the term "message" within § 64.1200(f)(14) does not include text messages "based on [its] plain meaning." (Doc. 11 at 5.) Defendant's argument fails. Even assuming *arguendo* that Defendant's interpretation of "message" is correct, the Ninth Circuit has interpreted the term "call" as including text messages for purposes of the TCPA. *Marks*, 904 F.3d at 1048 n.3. The FCC has also confirmed that "[t]ext messages are 'calls' subject to the TCPA." In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 F.C.C. Rcd. 7961 (2015). *See also Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1013–14 (9th Cir. 2018). Therefore, the Court concludes that "telephone solicitations" as described in 47 C.F.R. § 64.1200(c)(2) include text messages. *See also Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090, 1094 (N.D. Cal. 2015) (noting that, under § 64.1200, "text messages

27
28

---

[3] The definition of "telephone solicitations" does not differ between the TCPA and its implementing regulations. *See* 47 U.S.C. § 227(a)(4) ("The term 'telephone solicitation' means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.").

constitute 'telephone calls'").

This finding is consistent with numerous other district courts that have analyzed whether text messages violated § 64.1200(c)(2) based on the texts' contents and purposes and concluded that "telephone solicitations" are to be interpreted as including text messages. *See, e.g.*, *Trujillo v. Free Energy Sav. Co., LLC*, 2020 WL 7768722, at *3 (C.D. Cal. Dec. 21, 2020) (holding plaintiff failed to show "a triable issue on whether the [text] messages are telephone solicitations" because the evidence did not establish the texts "were sent for an improper purpose"); *Vallianos v. Schultz*, 2019 WL 4980649, at *3 (W.D. Wash. Oct. 8, 2019) ("Text messages constitute a telephone solicitation even if the text message "serves a 'dual purpose.'") (citing *An Phan v. Agoda Co. Pte. Ltd.*, 351 F. Supp. 3d 1257, 1262 (N.D. Cal. 2018)); *Suttles v. Facebook, Inc.*, 461 F. Supp. 3d 479, 483 (W.D. Tex. 2020).

Accordingly, the Court will deny Defendant's Motion to Dismiss Plaintiff's claims relating to text messages based on the scope of § 64.1200. *See also Kazemi v. Payless Shoesource Inc.*, 2010 WL 963225, at *2–3 (N.D. Cal. Mar. 16, 2010) (holding plaintiff's claim that he received "unsolicited text messages from defendants" after registering his phone on the Do Not Call Registry "support[ed] a plausible inference that defendants" violated 47 C.F.R. § 64.1200(c)(2)).

### 3.   Plaintiff has alleged sufficient facts.

Defendant next argues Plaintiff has failed to allege sufficient facts in his Complaint. Specifically, Defendant contends Plaintiff provides mere "labels and conclusions" and "a formulaic recitation of the elements" regarding Defendant's use of an ATDS, Plaintiff's damages, and Plaintiff's lack of consent. (*See* Doc. 11at 4–6.) The Court disagrees.

### i.   ATDS.

Defendant first contends that Plaintiff has failed to plead sufficient facts indicating that Defendant used an ATDS. (*Id.* at 4.) To properly plead a TCPA claim for calls made to a cellular phone, a plaintiff must plead three elements: "(1) the defendant called a cellular telephone number; (2) using an [ATDS or an artificial or prerecorded voice]; (3) without

the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)). This Court has "acknowledged the difficulty a plaintiff faces in knowing the type of calling system without the benefit of discovery." *McCullough v. Maximum Title Loans LLC*, 2019 WL 3933754, at *2 (D. Ariz. Aug. 20, 2019). *See also Schick v. Compass Lending Corp.*, 2019 WL 6050256, at *2 (D. Ariz. Nov. 15, 2019). Thus, to survive a motion to dismiss, a plaintiff "must allege sufficient facts to allow the Court to 'reasonably infer' that Defendant used an ATDS." *Id.* at *2 (citing *Flores v. Adir Int'l, LLC*, 685 Fed. App'x 533, 533 (9th Cir. 2017)).

Plaintiff has plausibly stated a claim under the TCPA. In his Complaint, Plaintiff alleged "Defendant's cell phone calls were preceded by tell-tale pause and click noises before its agent began to speak, and Defendant's text messages were sent as frequent but random[,] impersonal, pre-scripted messages." (Doc. 1-1, Ex. A, ¶ 5.) District courts within the Ninth Circuit have found that "general allegations [regarding use of an ATDS] are sufficiently bolstered by specific descriptions of the 'telltale' pause after the plaintiff picked up each call." *Cabiness v. Educational Fin. Solutions, LLC*, 2016 WL 5791411, at *7 (N.D. Cal. Sept. 1, 2016). *See also McCullough*, 2019 WL 3933754 at *2; *Schick*, 2019 WL 6050256 at *2. In the context of text messages, "[s]uccessful TCPA complaints allege the messages they received were scripted or impersonal, from an obviously automated number, formatted in code, or similarly factual details." *Winters v. Quicken Loans Inc.*, 2020 WL 5292002, at *3 (D. Ariz. Sept. 4, 2020) (quoting *Forney v. Hair Club for Men Ltd., Inc.*, 2017 WL 4685549, at *2 (C.D. Cal. June 26, 2017)).

Taking Plaintiff's factual allegations as true, the Court may reasonably infer that Defendant used an ATDS when contacting Plaintiff. *See Schick*, 2019 WL 6050256 at *2 (holding the court could "reasonably infer that Defendant called Plaintiff using an ATDS" based on plaintiff's allegation that she "heard a distinct 'click and pause' at the outset of the call"); *McCullough*, 2019 WL 3933754 at *2 (finding plaintiff "plausibly alleged a [TCPA] claim" by alleging he "experienced a pause lasting several seconds" upon answering defendant's calls). Accordingly, the Court will deny Defendant's Motion to

1    Dismiss based on Plaintiff's factual allegations suggesting Defendant used an ATDS.

2                                      ii.    **Damages.**

3        Defendant presents two arguments that Plaintiff fails to state sufficient facts in his

4    Complaint to sustain damages. First, Defendant argues Plaintiff's claims for damages under

5    47 U.S.C. § 227 fail to "address the threshold issue . . . as to whether his actual monetary

6    loss from each alleged violation is less than or greater than $500.00." (Doc. 11 at 5, 6.) The

7    Court disagrees. Under § 227(b)(3):

8    > A person or entity may, if otherwise permitted by the laws or rules of court
     > of a State, bring in an appropriate court of that State . . . (A) an action based
9    > on a violation of this subsection or the regulations prescribed under this
     > subsection to enjoin such violation, (B) an action to recover for actual
10   > monetary loss from such a violation, or to receive $500 in damages for each
     > such violation, whichever is greater, or (C) both such actions. If the court
11   > finds that the defendant willfully or knowingly violated this subsection or the
     > regulations prescribed under this subsection, the court may, in its discretion,
12   > increase the amount of the award to an amount equal to not more than 3 times
     > the amount available under subparagraph (B) of this paragraph.
13

14       Plaintiff plausibly states a claim for damages under § 227. In his Complaint, Plaintiff

15   alleges he is entitled "monetary damages based on treble the amount of Five Hundred

16   Dollars ($500.00)" for each of 44 alleged TCPA violations. (Doc. 1-1, Ex. A., ¶ 24.)

17   Defendant cites no legal authority indicating that Plaintiff must address "whether his actual

18   monetary loss from each alleged violation is less than or greater than $500.00" in his

19   Complaint. Instead, "[a]n aggrieved person may bring an action to . . . seek *actual or*

20   *statutory* damages" under § 227(b)(3). *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1139 (9th

21   Cir. 2016) (emphasis added). Accordingly, the Court will deny Defendant's Motion to

22   Dismiss based on Plaintiff's request for statutory damages.

23       Second, Defendant argues Plaintiff's Complaint simply offers "a conclusory

24   statement" that Defendant "willfully or knowingly violated the TCPA, without enough

25   factual matter to make the claim plausible." (Doc. 11 at 5.) Under § 227(b)(3), the Court

26   may discretionarily award treble damages upon finding "that the defendant willfully or

27   knowingly" violated the TCPA. In general, "courts in the Ninth Circuit have declined to

28   dismiss separate causes of action for knowing or willful [TCPA] violations." *Winters*, 2020

WL 5292002 at *5. Additionally, several Ninth Circuit district courts have held simply alleging "'knowing and/or willful' TCPA violations for purposes of seeking treble damages" is sufficient to withstand a motion to dismiss. *Meyer v. Bebe Stores, Inc.*, 2015 WL 431148, at *4 (N.D. Cal. Feb. 2, 2015). *See, e.g.*, *Keifer v. HOSOPO Corp.*, 2018 WL 5295011, at *5 (S.D. Cal. Oct. 25, 2018) (holding plaintiff's allegation that defendant's actions constituted "knowing and/or willful violations of the TCPA" was sufficient to withstand a motion to dismiss); *Pacleb v. Cops Monitoring*, 2014 WL 3101426, at * 4 (C.D. Cal. July 7, 2014) (holding plaintiff's allegation of "knowing and/or willful violations of the TCPA" was sufficient to withstand a motion to dismiss). District courts in other circuits have held similarly.[4]

Plaintiff has alleged sufficient facts to withstand a motion to dismiss. In his Complaint, Plaintiff alleges "Defendant's TCPA violations were willfully committed in that it purposefully, by design, knowingly and intentionally programmed Plaintiff's name and phone number into its automatic dialing system in order to target Plaintiff with its cell phone and text messages." (Doc. 1-1, Ex. A, ¶ 13.) Plaintiff also alleges Defendant's calls and texts "were initiated to Plaintiff's cell phone number while it was registered on the national Do Not Call Registry." (*Id.* at 21.) Taking these facts as true, Plaintiff has stated a plausible claim for relief. *See Winters*, 2020 WL 5292002 at *4–5 (finding plaintiff's allegations that he answered and "told [d]efendant to stop calling" and that defendant's conduct constituted "knowing and/or willful violations of the TCPA" were sufficient to withstand a motion to dismiss). Accordingly, the Court will deny Defendant's Motion to Dismiss Plaintiff's claims for treble damages.

---

[4] *See, e.g.*, *Mohon v. Nat'l Cong. of Employers Inc.*, 2020 WL 1332376, at *4 (D.N.M. Mar. 23, 2020) ("Plaintiff has alleged that Defendants knowingly and willfully violated these provisions, which the [c]ourt finds sufficient at this early stage."); *Hashw v. Dep't Stores Nat. Bank*, 986 F. Supp. 2d 1058, 1061–62 (D. Minn. 2013) (holding that, in the context of TCPA claims, plaintiff may "allege willfulness generally"); *Owens v. Starion Energy, Inc.*, 2017 WL 2838075, at *7 (D. Conn. June 30, 2017) (holding plaintiff's allegations that defendant "committed 'willful and/or knowing violations'" and that plaintiff's telephone number was "listed on the National Do Not Call Registry" were sufficient to withstand a motion to dismiss); *Gutierrez v. Fla. Advert. & Mktg. Corp.*, 387 F. Supp. 3d 1410, 1411–12 (S.D. Fla. 2019).

### iii.    Lack of Consent.

Defendant argues Plaintiff has failed state a claim because he does not describe "his lack of consent" to communications from Defendant. (Doc. 11 at 4.) Defendant's argument is misplaced. "[E]xpress consent is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017). Therefore, a "complaint need not allege lack of consent" to "survive a Rule 12(b)(6) motion." *Heinrichs v. Wells Fargo Bank*, 2014 WL 985558, at *2 (N.D. Cal. Mar. 7, 2014).

Accordingly, the Court will deny Defendant's Motion to Dismiss based on Plaintiff's allegations about his lack of consent. (Doc. 11 at 4.)

### 4.    Alleged inconsistencies in the Complaint do not support dismissal.

Lastly, Defendant argues that Plaintiff's claims are "fatally flawed" because "the header itself, which alleges six (6) violations of the TCPA, is inconsistent with paragraph 15 of the Complaint, where Plaintiff alleges five (5) calls were made to him, not six (6)." (Doc. 11 at 4.) Defendant cites no legal authority supporting dismissal of Plaintiff's claims based on this inconsistency. Additionally, documents filed by a pro se plaintiff must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *See also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (noting courts "construe pro se filings liberally when evaluating them" under the *Twombly* standard). Thus, Defendant's argument is not persuasive and will be denied.

## IV.    Conclusion.

The Court finds that Defendant has failed to comply with Local Rule 12.1(c); Plaintiff's Complaint is sufficient to put Defendant on notice of the claims raised; text messages constitute "calls" for purposes of the TCPA and its implementing regulations; Plaintiff has pleaded facts sufficient to withstand a motion to dismiss; and alleged inconsistencies in Plaintiff's Complaint do not support dismissal. Accordingly, Defendant's Motion to Dismiss (doc. 11) will be denied.

///

**IT IS ORDERED** that Defendant's Motion to Dismiss (doc. 11) is **denied.**

Dated this 23rd day of February, 2021.

Honorable John Z. Boyle
United States Magistrate Judge